**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————

|  |  |  |
|---|---|---|
| WHITFORD LAND TRANSFER CO., INC., | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 08-71 |
|  | : |  |
| SENECA INSURANCE COMPANY, INC., | : |  |
|  | : |  |
| Defendant. | : |  |

———————————————————————

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                    **MARCH  27, 2008**

Presently before this Court is a Motion to Intervene, pursuant to Fed. R. Civ. P. 24, filed

by Fidelity National Title Insurance Company ("Fidelity").  For the following reasons, Fidelity's

Motion is denied.

**I.      BACKGROUND**

Fidelity is a title insurance underwriter.  It issues insurance policies to property owners

and lenders protecting them against adverse title claims.  Fidelity does not issue these policies

directly, but rather utilizes a network of title agents for that task, and underwrites the policies

once its agents write them.  Whitford Land Transfer Co., Inc. "(Whitford") is a title insurance

agency.  It provides title searches, title insurance, and other settlement services in connection

with residential and commercial real estate transactions.  Whitford was one of Fidelity's agents.

It was responsible for issuing a title insurance policy that ultimately required Fidelity to pay a

large claim.  That claim led to a declaratory judgment action in this Court, and Fidelity seeks to

intervene in that action.

Whitford began serving as a title agent for Fidelity in 1992. The relationship commenced with the execution of a contract, called the Issuing Agency Agreement, between Whitford and Fidelity's predecessor in interest. That agreement imposes duties on Whitford, one of which is to maintain errors and omissions insurance for its professional activities as a title agent of Fidelity. The Issuing Agency Agreement also states that this professional liability insurance policy should name Fidelity as an additional insured. This provision of the agreement lies at the heart of the argument Fidelity advances in support of its Motion to Intervene.

Whitford obtained professional liability insurance from Seneca Insurance Company, Inc. ("Seneca"). Seneca is a commercial property and casualty insurance company, and beginning on April 12, 2005, it issued three successive one year claims-made professional liability insurance policies to Whitford as the named insured. These policies obligated Seneca, subject to various policy terms, conditions, and exclusions, to pay any damages Whitford incurred as a result of alleged acts or omissions committed by Whitford in the course of rendering professional services during the coverage period. The errors and omissions insurance policies do not name Fidelity as an additional insured, and include express exclusions and prohibitions which limit coverage and prevent Whitford from assigning the policy to others.

The declaratory judgment action in which Fidelity seeks to intervene deals with Seneca's duties with respect to Whitford. In February 2006, Whitford learned that Fidelity intended to make a claim against it for losses incurred in connection with a title insurance policy Whitford issued to Grand Bank. The title insurance policy Whitford issued stated that Grand Bank had a first lien on a mortgaged piece of property, but in reality the land was encumbered by multiple liens of record. One of the prior lien holders sought to foreclose, and Fidelity was required to

2

settle the foreclosure.  Fidelity sought compensation from Whitford for the loss.  Whitford

notified Seneca of the claim, and Seneca undertook representation of its insured in the matter.

Seneca began investigating Fidelity's claim against Whitford, and during this initial phase

informed Whitford that it was doing so pursuant to a reservation of right.

On August 6, 2007, Fidelity made a demand on Whitford.  On August 16, 2007, Seneca

appointed defense counsel to represent Whitford's interests.  Seneca also reiterated its reservation

of rights, and stated specifically that it reserved the right to cancel or rescind Whitford's liability

insurance on the basis of material misrepresentation or fraud.  Seneca cancelled the policy as of

September 7, 2007, and also threatened to rescind all coverage.  On November 16, 2007, Fidelity

filed an action in the Chester County Court of Common Pleas against Whitford in regard to the

claim resulting from the Grand Bank title insurance policy.  On December 5, 2007, Whitford

commenced a declaratory judgment action in that same court seeking a determination on whether

Seneca is obligated to provide a defense and coverage under the professional liability policy in

regard to Fidelity's claim against Whitford.  Seneca removed that declaratory judgment to this

Court on January 4, 2008.

On February 26, 2008, Fidelity filed a Motion to Intervene under Fed. R. Civ. P. 24 in the

insurance coverage dispute between Whitford and Seneca.  Fidelity argues that is has a legal

interest in this dispute that entitles it to intervention as of right and by permission in this action.

Seneca opposes the Motion to Intervene, but Whitford does not object to Fidelity's inclusion.

II.     DISCUSSION

    A.     Intervention of Right

        "On timely motion, the court must permit anyone to intervene who . . . claims an interest

3

relating to the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede the movant's ability to protect

its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  A

movant seeking intervention of right under this Rule "must establish 1) a timely application for

leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest

will be impaired or affected by the disposition of the underlying action, and 4) that the existing

parties to the action do not adequately represent the prospective intervenor." Liberty Mut. Ins.

Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005).  "Each of these requirements must be

met to intervene as of right." Id.

      To establish a sufficient interest for intervention, Fidelity must demonstrate an interest

relating to the property or transaction that is the subject of the declaratory action, which in this

case is the liability insurance policy between Seneca and Whitford.  "[T]he interest must be a

legal interest as distinguished from interests of a general and indefinite character." Id.  The

"interest [must be] recognized as one belonging to or one being owned by the proposed

interveno[r.]" Id. at 220-221.  Fidelity "must [also] demonstrate that there is a tangible threat to

[its] legally cognizable interest to have the right to intervene." Id. at 220.  "[A] mere economic

interest in the outcome of litigation is insufficient to support a motion to intervene." Id. at 221.

Additionally, "the mere fact that a lawsuit may impede a third party's ability to recover in a

separate suit ordinarily does not give the third party a right to intervene[.]" Id.

      The facts of Liberty Mutual are instructive in this action.  In that case, a group of injured

plaintiffs, who had sued an asbestos manufacturer, were denied intervention in an insurance

coverage dispute between the asbestos manufacturer and its insurance company.  The insurer

sought a declaration that it no longer had a duty to defend or indemnify its insured under the policy because the limits of coverage had been exhausted. The plaintiffs sought to intervene since a determination of the insurer's obligation could affect the amount of money they might collect from their personal injury lawsuits, which they claimed constituted their interest in the matter. Id. at 224. There, the Third Circuit held that this "mere economic interest in the outcome of litigation [was] insufficient to support a motion to intervene." Id. (citing Mountain Top Condo. Assoc. v. Dane Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)).

Fidelity argues that it has a legal interest in the action between Whitford and Seneca because it has a direct legal interest in a separate contract between itself and Whitford. Fidelity says that a court determination that Seneca has no obligation to defend or provide coverage to Whitford will negatively impact Fidelity because, without coverage, Whitford will be in breach of the Issuing Agency Agreement, which requires title agents to maintain errors and omissions insurance for the protection of Fidelity. Since Fidelity's legal interest in the Issuing Agency Agreement would be impeded if Seneca has no duty to insure Whitford, Fidelity believes that it should be viewed as having a direct legal interest in the professional liability insurance policy Seneca issued to Whitford.

Fidelity has only an economic interest in the outcome of the insurance coverage dispute between Seneca and Whitford. Fidelity's argument is merely an assertion that a declaration stating that Seneca has no duty to insure Whitford will impede its ability to recover in the law suit it filed against Whitford in state court. Most tellingly, in the proposed Complaint for Declaratory Judgment attached to its Motion to Intervene, Fidelity states that it "relied on Whitford being insured by Seneca so that in the event that a claim arose between Fidelity and

5

Whitford, Whitford's insurance would represent an asset available to cover any losses to Fidelity caused by Whitford."  (Mot. Intervene, Ex. 1 Proposed Compl. at ¶ 39.)   Fidelity's interest in this litigation is not distinguishable from the intervenors in <u>Liberty Mutual</u>.  Just like those plaintiffs, Fidelity has only a contingent financial interest in this litigation.  "[T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene[.]"  <u>Liberty Mutual</u>, 419 F.3d at 221.  The Third Circuit has said that denial of a motion to intervene as of right is a correct decision when the movant's only interest in the action is to ensure that there are sufficient resources to satisfy a judgment that may be obtained in separate litigation.  <u>Mountain Top</u>, 72 F.3d at 366.  Thus, Fidelity must not be allowed to intervene as of right in the insurance coverage dispute between Seneca and Whitford.

Fidelity further claims that it has an additional direct legal right in this action because under the Issuing Agency Agreement Whitford was supposed to name it as an additional insured. As Seneca adroitly explains, only Whitford is named as an insured under the professional liability insurance policy it issued to Whitford.  The liability policy states in the declarations section that Whitford Land Transfer Company, Inc. is the named insured under policy number MTA 00 08 076.  (Def's Br. Opp., Ex. A.)  The definitions section of that policy states that "[i]nsured means the named insured . . . [and the n]amed insured means the persons or entities specified in Item I of the Declarations."  (<u>Id.</u>)  In the exclusions section, the policy states that there is no coverage "based on or arising out of liability of others assumed by an insured under any contract or agreement[.]"  (<u>Id.</u>)  Furthermore, the policy states that "[n]o assignment of interest of the insured under this policy is valid, unless the company's written consent is endorsed hereon."  (<u>Id.</u>)

Fidelity is not named anywhere in the professional liability policy as an insured, and it has provided no evidence to show that it has any contractual right in regard to the insurance policy between Seneca and Whitford.  Fidelity has presented a separate contract between itself and Whitford to prove that it has a legal right in the errors and omissions policy Seneca issued. The Issuing Agent Agreement between Whitford and Fidelity has no bearing on the terms of the insurance policy between Seneca and Whitford.  Seneca is not subject to the Issuing Agency Agreement between Whitford and Fidelity.  While Fidelity may have an interest in Whitford's coverage under the Seneca policy, as any judgment that it obtains in Court of Common Pleas action may be satisfied through that policy, its interest is nothing more than "a mere economic interest in the outcome of litigation[, and] is insufficient to support a motion to intervene." Liberty Mutual, 419 F.3d at 221; see also Seneca Ins. Co. v. Lexington and Concord Search and Abstract, LLC, 484 F. Supp. 2d 374, 377 (E.D. Pa. 2007).  Fidelity is not a named insured under the Seneca insurance policy issued to Whitford, thus it has no legal interest in the action before this Court.  The Motion to Intervene of Right under Fed. R. Civ. P. 24(a) must be denied.

**B.     Permissive Intervention**

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Permissive intervention, by definition lies within the discretion of the Court. However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "[T]he movant must have a claim or defense against the defendant with questions of law or fact in common with the main action[, and] not just a general interest in the subject matter

or the outcome[.]" Liberty Mut. Ins. Co. v. Pac. Indem. Co., 76 F.R.D. 656, 660 (W.D. Pa. 1977).

Fidelity argues that the claims it intends to raise against Seneca and Whitford involve similar factual issues as its claims have "to do with whether Seneca should be permitted to rescind its policies issued to Whitford." (Pl.'s Reply to Opp. at 2.) This Court disagrees. Whether Whitford made fraudulent or material misrepresentations in obtaining professional liability insurance from Seneca involves interpretation of the Seneca policy. Fidelity seeks a declaration on whether Whitford breached the Issuing Agency Agreement. A determination on whether Whitford breached the Issuing Agency Agreement focuses on an interpretation of the language in that contract. These questions of law and fact are very distinct. Fidelity states that any determination made in the action between Whitford and Seneca will ultimately become a fact in determining whether Whitford breached the Issuing Agency Agreement. While that may be true, it does not give Fidelity anything more than a general interest in the outcome of the case between Whitford and Seneca. The action between Whitford and Seneca does not share common questions of law or fact with the question of whether Whitford breached a contract with Fidelity. Intervention would only work to unduly delay or prejudice the adjudication of the rights of the parties already involved. The Motion to Intervene pursuant to Fed. R. Civ. P. 24(b) is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————— :
                                                                    :
WHITFORD LAND TRANSFER CO. INC.,  :          CIVIL ACTION
                                                                    :
                              Plaintiff,                 :
                                                                    :
              v.                                             :          No. 08-71
                                                                    :
SENECA INSURANCE COMPANY, INC.,   :
                                                                    :
                              Defendant.               :
———————————————————————— :

## <u>ORDER</u>

   **AND NOW**, this  27th  day of March, 2008, upon consideration of Fidelity National

Title Insurance Company's Motion to Intervene pursuant to Fed. R. Civ. P. 24 (Doc. No. 8), and

the responses and reply thereto, it is hereby **ORDERED** that the Motion is **DENIED**.


                                                       BY THE COURT:


                                                       /s/ Robert F. Kelly_____
                                                       ROBERT F. KELLY
                                                       SENIOR JUDGE